United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10778
Summary Calendar

AUDREY LIVINGSTON, As Representatives of
the Estate of Kourtni Kelley Livingston, Deceased;
ROBERT M. LIVINGSTON, As Representatives of the
Estate of Kourtni Kelley Livingston, Deceased,

Plaintiffs-Appellants,

versus

DESOTO INDEPENDENT SCHOOL DISTRICT; ET AL,

Defendants,

DESOTO INDEPENDENT SCHOOL DISTRICT; LARRY
GOAD, Head Coach; SCOTT GALLOWAY, Head Trainer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas, Dallas
(3:04-CV-1818)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants, as representatives of the Estate of

Kourtni Kelley Livingston, their deceased minor daughter, appeal

the summary judgment rulings of the district court (1) dismissing

for qualified immunity the federal constitutional claims of the

Estate against individual Defendants-Appellees Goad and Galloway,

respectively a coach and a trainer, based on assertions of their

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deliberate indifference, and (2) dismissing the Estate's claims against Defendant-Appellee DeSoto Independent School District based on allegations of its failure to adopt an appropriate policy (or its adoption of an inappropriate policy) for the care for students suddenly taken ill. The foundation of all constitutional claims against all Defendants-Appellees is the deliberate indifference to medical needs, assertedly causing the tragic sudden death of Plaintiffs' decedent. Finally, the Estate representatives appeal the dismissal of their state law tort claims arising from the same regrettable incident.

We have carefully reviewed the record on appeal, including the excellent briefs of the parties and the thorough Memorandum Opinion and Order of the district court. Even though we recognize and accept Plaintiffs-Appellants' characterizations of a handful of discrepancies between the summary judgment evidence and a few statements and conclusions of the district court, we are satisfied that the parties and the court are in substantial agreement about the operative facts taken in the light most favorable to the non-movants — albeit not necessarily their respective characterizations of the legal effects — that lie at the heart of this controversy. Like the district court, we are convinced that the well-developed jurisprudence governing cases grounded in deliberate indifference to medical needs, both as to the actions or inaction of individuals and to policies of municipalities and other governmental subdivisions, are determinative of this case.

Our sympathy to the contrary notwithstanding, we conclude in the end that the district court correctly disposed of all federal and state claims asserted in this action and all controlling issues, both claims against the individual defendants and those against the School District. Consequently, no useful purpose would be served by our writing extensively, as we would only paraphrase the opinion of the district court or otherwise reiterate its full and legally accurate explication of the disposition of this action by summary judgment. Thus, for essentially the reasons set forth by the district court in its Memorandum Opinion and Order signed May 12, 2005, the take-nothing judgment adverse to Plaintiffs-Appellants in this case and all others implicated in this appeal are

AFFIRMED.